PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEVENSON B. FRANK, ) | |
| ) | CASE NO. 5:17CV0774 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF No. 16] |

An Administrative Law Judge ("ALJ") denied Plaintiff Stevenson B. Frank's claim for disability insurance benefits ("DIB") after a December 9, 2015 hearing with testimony being offered by Plaintiff and a vocational expert ("VE"). At step two of the sequential analysis, the ALJ found that Plaintiff did not suffer from a severe impairment or combination of impairments during the relevant adjudicative period. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c). That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation (ECF No. 15) reasoning that the Commissioner's decision that

(5:17CV0774)

Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (*per curiam*).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

2

1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at *2-3 (E.D. Mich. Aug. 4, 2014).

(5:17CV0774)

## II.

The Court has reviewed the Report and Recommendation (ECF No. 15) *de novo*. The Court has also considered Plaintiff's objection (ECF No. 16) and Defendant's Response (ECF No. 17).

Plaintiff's alleged disability onset date is January 1, 2012. His date last insured ("DLI") is March 31, 2012. The magistrate judge recommends that the Court find that: (1) a medical expert was not required in this case, ECF No. 15 at PageID #: 408; (2) Plaintiff has failed to show that the ALJ should have determined that his spinal stenosis constituted a severe impairment, ECF No. 15 at PageID #: 409; (3) the ALJ's residual functional capacity ("RFC") assessment is based on substantial evidence, ECF No. 15 at PageID #: 411; and, (4) the ALJ's credibility determination is supported by substantial evidence, ECF No. 15 at PageID #: 412.

Plaintiff objects only to the second recommendation.[1] He requests that the matter be remanded "so that the Commissioner can properly evaluate the Plaintiff's claim in its entirety" ECF No. 16 at PageID #: 418.

Plaintiff argues that the magistrate judge erred by concluding that the ALJ was correct in determining that Plaintiff's spinal stenosis was not severe. Plaintiff's first documented complaint of back pain occurred on August 24, 2011. ECF No. 10 (Transcript) at PageID #: 333. An MRI administered later, on January 10, 2013, revealed mild to moderate stenosis at several levels.

---

[1] "[T]he failure to file specific objections to a magistrate [judge]'s report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Plaintiff has, therefore, waived objections to the first, third, and fourth arguments in his Statement of Errors (ECF No. 11). *Norris v. Comm'r of Soc. Sec.*, No. 17-CV-12792, 2018 WL 4346912, at *1 (E.D. Mich. Sept. 12, 2018).

(5:17CV0774)

ECF No. 10 at PageID # 265. While the MRI is subsequent to the DLI, spinal stenosis is a degenerative condition that happens gradually over time. Lane v. United States, Nos. 90-4228-SAC, 90-4229-SAC, 1992 WL 405295, at *6 (D. Kan. Dec. 15, 1992). According to Plaintiff, it is reasonable to infer that his spinal stenosis was present and causing disabling symptoms prior to March 31, 2012. ECF No. 16 at PageID #: 416.

> To be eligible for disability insurance benefits, a person must become disabled *during* the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i)(2)(c); 423(a), (c), (d); 20 C.F.R § 404.130. "If a claimant is no longer insured for disability [insurance] benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured." Renfro v. Barnhart, 30 Fed.Appx. 431, 435 (6th Cir. 2002). Therefore, the ALJ generally only considers evidence from the alleged disability onset date through the date last insured. King v. Sec'y of Health & Human Servs., 896 F.2d 204, 205-06 (6th Cir. 1990). "Evidence of disability obtained after the expiration of insured status is generally of little probative value," Strong v. Soc. Sec. Admin., 88 Fed.Appx. 841, 845 (6th Cir. 2004), and is relevant to the disability decision only if the evidence "relate[s] back to the claimant's condition prior to the expiration of her date last insured." Wirth v. Comm'r of Soc. Sec., 87 Fed.Appx. 478, 480 (6th Cir. 2003); *see also* Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6t[h] Cir. 1987) (per curiam) (holding that a treating physician's opinion, based on a treatment record that began eight months after the date last insured, was not entitled to substantial weight). If the plaintiff becomes disabled after the loss of insured status, the claim must be denied even though she became disabled thereafter. Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990); Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988).

Ferguson v. Comm'r of Soc. Sec., No. 2:16-cv-13289, 2018 WL 912882, at *5 (E.D. Mich. Jan. 22, 2018) (emphasis in original; brackets added).

At the second step in the sequential evaluation process, a claimant must demonstrate she has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Higgs*, 880 F.2d at 863. To satisfy this burden, the claimant must show she suffers from a "medically

5

(5:17CV0774)

determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); SSR 96-3p, 1996 WL 374181 (July 2, 1996); SSR 96-4p, 1996 WL 374187 (July 2, 1996); *Higgs*, 880 F.2d at 863. "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability, regardless of age, education and work experience." *Higgs*, 880 F.2d at 862 (citing *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985)).

Plaintiff argues that the ALJ mentioned the Plaintiff's spinal stenosis in his decision (ECF No. 10 at PageID #: 72-85), but then completely failed to address why he did not determine that it is severe or discuss the limitations it would cause in Plaintiff's ability to perform work. ECF No. 16 at PageID #: 417. The medical records from the relevant time period (January 1, 2012, to March 31, 2012), however, do not suggest spinal stenosis or significant complaints of back pain. The magistrate judge correctly found that "[t]he medical evidence cited by Plaintiff in support of his claim[2] that the ALJ should have determined that his spinal stenosis was a severe impairment post-dates the relevant period in this case." ECF No. 15 at PageID #: 409. *See Keller v. Barnhart*, 01 Civ. 4334(RWS), 2002 WL 31778867, at *3 (S.D.N.Y. Dec. 12, 2002) (Plaintiff had not sustained his burden of showing that he was disabled prior to the date he was last insured for disability insurance benefits. Although the medical evidence of record showed that plaintiff may currently have severe impairments, this evidence post-dated his last insured date.).

---

[2] ECF No. 10 at PageID #: 265 (January 10, 2013); 295 (October 16, 2013), 278 (December 13, 2013); 253 (March 7, 2014).

6

(5:17CV0774)

The Court finds that Plaintiff's objection ([ECF No. 16](#)) that his spinal stenosis is not severe raises no factual or legal arguments that has not been fully addressed by the Report and Recommendation ([ECF No. 15](#)).  Plaintiff has not directed the Court's attention to any medical evidence about spinal stenosis dating between his January 1, 2012 onset date and March 31, 2012 DLI.

### III.

Accordingly, Plaintiff's objection ([ECF No. 16](#)) is overruled.  The Report and Recommendation ([ECF No. 15](#)) is adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| September 21, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |